**Cecil Edwin SMITH, Appellant,**

v.

**FIRST NATIONAL BANK, MESQUITE, Texas, Appellee.**

No. 15527.

Court of Civil Appeals of Texas.

Dallas.

July 3, 1959.

James J. Collins, Jr., Dallas, for appellant.

Loncy L. Leake, Mesquite, for appellee.

DIXON, Chief Justice.

This is an appeal from a deficiency judgment following repossession and sale of a mortgaged automobile.

On February 9, 1954, Cecil Edwin Smith, appellant, executed a note in the amount of $606 payable to appellee First National Bank, Mesquite, Texas, and secured by a chattel mortgage on one 1949 model Buick automobile.

Appellant soon thereafter defaulted in payment, the Bank repossessed the car, and sold it for $106, which amount was credited on appellant's note. On October 25, 1957, more than three years later, this suit was filed for the balance due on the note after crediting the sale price of the automobile.

At the trial of the case on May 29, 1958, only one issue was submitted to the jury: "Do you find from a preponderance of the evidence that the Bank agreed with the Defendant to accept the automobile in full

payment of the note?" The answer of the jury was "No". Based on this verdict judgment was rendered for principal, interest and attorney's fee in a total amount of $677.58.

Appellant's brief presents only one alleged point of error, which is as follows: "The court erred in submitting the issue submitted in the form and manner submitted, since it is ambiguous, misleading and confusing in that it shifted or placed an extra burden of proof on the appellant and is one-sided."

Appellee objects to our consideration of the point for the reason that it does not distinctly point out the matters to which appellant objects, or the grounds of his objection as required by Rule 274, Texas Rules of Civil Procedure. In our opinion the alleged point of error does not measure up to the requirements of the above Rule, being too general and indefinite to point out accurately the alleged defect of which appellant desires to complain. However, in his written and oral argument, appellant has further explained the grounds of his complaint, so we shall proceed to give it our consideration.

Appellant says that he pled accord and satisfaction, which requires an agreement on the part of both parties, not merely one of them. He contends that the issue is ambiguous, misleading, and confusing, places the burden of proof on appellant, and is one-sided in that it only inquires whether the Bank agreed with the defendant to accept the car in full payment of the debt, whereas it should inquire whether both parties so agreed.

There is no merit to appellant's contention. Since the issue submitted appellant's defense, the burden was properly placed on appellant to prove that there was an agreement. We see nothing ambiguous, misleading, or confusing about the issue as submitted. Certainly appellant is correct when he says that the agreement of both parties is required to establish an accord and satisfaction. Consequently, the plea fails if it is established that one of the parties did not agree, as the jury found in this case. The issue was correctly submitted. Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.